UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY D. DIORIO,

        Petitioner,

   v.

JEFFREY A. UTTECHT,

        Respondent.

CASE NO. C19-5396 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 15, and Petitioner Anthony D. Diorio's ("Petitioner") objections to the R&R, Dkt. 16.

On May 8, 2019, Petitioner filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner challenges his incarceration under a state court judgement imposed for his conviction by jury verdict for attempted rape of a child in the second degree and communication with a minor for immoral purposes. Dkt. 13, Ex. 1. Petitioner appealed his conviction to the state Court of Appeals, and that appeal remains pending. *Id.*, Ex. 2; *see also* http://www.courts.wa.gov/opinions/ (populated with search terms for case no. 52684) (last visited Dec. 12, 2019).

In his federal habeas petition Petitioner raises four grounds for relief, all of which are premised on the allegation that his conviction violated his rights under the Fifth Amendment because he was charged by information, rather than by an indictment issued by a grand jury. Dkt. 6. On July 22, 2019, Respondent answered. Dkt. 12. Respondent maintained that the petition should be dismissed because Petitioner's state court remedies are unexhausted. *Id.* On July 25, 2019, Petitioner replied. Dkt. 14.

On September 11, 2019, Judge Christel issued the R&R recommending dismissal of Petitioner's petition for failure to exhaust state judicial remedies. Dkt. 15. On September 18, 2019, Petitioner filed objections to the R&R. Dkt. 16.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

First, Petitioner contends that his conviction violated his right to equal protection of the law and that federal courts have original jurisdiction over this claim pursuant to 28 U.S.C. § 1343.[1] Dkt. 16 at 1. Petitioner contends that the district court has a statutory obligation to hear his petition before its claims are considered by the Washington courts pursuant to this grant of original jurisdiction. *Id.* Petitioner, however, readily acknowledges that he "submitted a Writ of Habeas Corpus pursuant to 28 U.S.C.

---

[1] 28 U.S.C. § 1343 confers original jurisdiction on the district court to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ." 28 U.S.C. § 1343.

§ 2254." *Id.*; *see also* Dkt. 1 (proposed petition for writ of habeas corpus), Dkt. 6 (petition for writ of habeas corpus).

The Supreme Court has held that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Moreover, § 2254(b)(1) provides that a district court "shall not" grant an application for a writ of habeas corpus unless the prisoner has first "exhausted the remedies available" in state court. 28 U.S.C. § 2254(b)(1). A petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). Consequently, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this case, Petitioner's direct appeal is still pending and the time to file a collateral attack in which he could present these same claims via a personal restraint petition has not expired. Therefore, the Court agrees with Judge Christel that Petitioner has failed to fully exhaust his state judicial remedies and this Court must dismiss his petition without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (stating that a federal court must dismiss a federal habeas petition if its claims are unexhausted). Accordingly, Petitioner's objection on the basis that the district court has a "duty" to hear his claims is denied.

Second, Petitioner argues that he meets a statutory exception to the exhaustion requirement because "the state has a statute in place, which expressly forecloses relief on

the merits of petitioner's procedural situation." Dkt. 16 at 2. Petitioner does not identify the statute. *Id.* 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In Washington, criminal defendants have a statutory right to direct appeal and collateral attack. *See, e.g.*, RCW Chapter 10.73; *see also* Wash. R. App. P. §§ 2.2(a), 5.1, 6.1, 16.3, 16.4. Because Petitioner has the right to raise the questions he presents in his federal petition in the state court, and indeed, is availing himself of that right currently via his direct appeal, he "shall not be deemed to have exhausted" his state judicial remedies. Therefore, his objection on this basis is denied.

Third, Petitioner continues to argue that state courts lack jurisdiction to adjudicate his claim that the manner in which he was charged violates his constitutional right to indictment by a grand jury. Dkt. 16 at 4. Since 1886, however, the Supreme Court has affirmed that a state prosecutor does not violate the Due Process Clause of the Fourteenth Amendment by bringing charges based on a criminal information as opposed to an indictment issued by a grand jury. *Hurtado v. People of State of California*, 110 U.S. 516 (1886). Regardless, Petitioner must exhaust this claim in the state court before this Court will consider it in a federal habeas petition.

Finally, Petitioner's assertion that he has a right to indictment by grand jury as a state prisoner that stems from the Privileges and Immunities Clause of the Fourteenth Amendment rather than the Due Process Clause of the Fourteenth Amendment, *see* Dkt. 16 at 4, does nothing to alter the Court's conclusion that he has failed to exhaust the

claims raised in his federal habeas petition. Said another way, whether Petitioner brings his claim of a constitutional violation under the Due Process Clause or the Privileges and Immunities Clause is irrelevant to whether the claim has been exhausted. Consequently, Petitioner's objection on this basis is also denied.

Petitioner lodges numerous other objections that are meritless. Therefore, the Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Petitioner's habeas petition is **DISMISSED without prejudice**;

(3) A Certificate of Appealability is **DENIED**; and

(4) The Clerk shall enter **JUDGMENT** and close this case.

Dated this 16th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge